JUSTICE COTTER
concurs.
¶38 I concur in the Court’s Opinion. I write separately to address an additional concern with respect to the propriety of Park’s convictions. ¶39 Prior to trial, the State argued to the District Court that because the statute under which Parks was charged did not contain the internal requirement of a mental state as an element of the crime, it was an “absolute liability” crime, citing §45-2-104, MCA. This statute provides:
A person may be guilty of an offense without having, as to each element of the offense, one of the mental states of knowingly, negligently, or purposely only if the offense is punishable by afine not exceeding $500 or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described.
The State argued to the Court that §30-10-301, MCA, clearly indicated a legislative intent to impose absolute liability, and therefore, the requisites of §45-2-104, MCA, were satisfied. I disagree.
*101 ¶40 The Legislature knows how to craft a statute so as to make it clear that it intends a statute to impose absolute liability for the conduct described. For example, § 61-8-401(7), MCA, which addresses the offense of driving under the influence of alcohol or drugs, provides: “Absolute liability as provided in 45-2-104 will be imposed for a violation of this section.” The intent to impose absolute liability is expressly stated. By contrast, there is no language in § 30-10-301, MCA, that gives any indication that the offense is intended to be an absolute liability offense. I would therefore conclude that the statute does not clearly indicate a legislative purpose to impose absolute liability for the conduct therein described, as § 45-2-104, MCA, requires.
¶41 I would further conclude that because the State took the position that §30-10-301, MCA, sets forth an absolute liability offense, it would be compelled under the foregoing analysis to limit its prosecution to an offense that would be punishable by a fine not exceeding $500. Section 45-2-104, MCA. Clearly, the prosecution here greatly exceeded this limitation.
¶42 Because this argument was not presented to the District Court, I would not urge reversal of the defendant’s conviction on this premise. I write only to suggest that future felony prosecutions under §30-10-301, MCA, could well face a viable challenge on these grounds.
¶43 I therefore concur.